FILED

2009 Mar-13  AM 10:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **TOWN OF TRIANA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-S-685-NE** |
| ) | |
| **BLAKE DORNING, in his official** ) | |
| **capacity as the Sheriff of Madison** ) | |
| **County, Alabama,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Town of Triana, asserts claims of "Unconstitutional Taking under the Fifth and Fourteenth Amendments of the United States Constitution" and "Violation of Equal Protection under the Fourteenth Amendment of the United States Constitution," pursuant to 42 U.S.C. § 1983, against Blake Dorning, in his official capacity as the Sheriff of Madison County, Alabama.[1]  The case currently is before the court on defendant Dorning's motion to dismiss Triana's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), and Triana's motion to consolidate this action with Civil Action No. 5:07-CV-2144, *Department of Texas Veterans of Foreign Wars of the United States v. Blake Dorning*.[2]  Upon consideration of the

---

[1] *See* doc. no. 1 (Complaint).

[2] *See* doc. no. 6 (defendant Dorning's motion to dismiss or, in the alternative, to abstain) and doc no. 5 (Triana's motion to consolidate).

motions, and the parties' briefs, the court concludes that defendant Dorning's motion to dismiss the complaint is due to be granted, and Triana's motion to consolidate is due to be denied as moot.

## I. STANDARDS OF REVIEW

### A.   Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may assert the following defenses by motion:  (1) lack of subject-matter jurisdiction; . . .

Fed. R. Civ. P. 12(b)(1) (2008).

When ruling upon a Rule 12(b)(1) motion, the court must first determine whether the moving party is mounting a "facial" or "factual" attack on the court's subject matter jurisdiction.  The former Fifth Circuit explained the difference — and the resulting effect on the district court's framework of analysis — in *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981),[3] saying that:

> A motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), can be based on the lack of jurisdiction *on the face of the complaint*.  If so, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised — the court must consider the allegations in the

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

plaintiff's complaint as true.  *E.g., Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975); *Herpich v. Wallace*, 430 F.2d 792, 802 (5th Cir. 1970).  But the two motions are treated quite differently when matter outside the complaint is the basis of the attack.  Rule [12(**d**)[4]] provides that a motion to dismiss for failure to state a claim will be automatically converted into a motion for summary judgment (Rule 56) if the court considers matters outside the pleadings.  This provides an additional safeguard for the plaintiff, for, in addition to having all his allegations taken as true, the trial court cannot grant the motion unless there is no genuine issue of material fact.  This protection is not, however, provided the plaintiff who faces dismissal for lack of subject matter jurisdiction.  As the Court of Appeals for the Third Circuit has explained:

> The facial attack (on subject matter jurisdiction) does offer similar safeguards to the plaintiff:  the court must consider the allegations of the complaint as true.  The factual attack, however,

---

[4] The *Williamson* opinion originally referenced Federal Rule of Civil Procedure 12(**b**), which was a correct citation on the date the opinion was entered.  The relevant portion of Rule 12(b) then read as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

*Williamson v. Tucker*, 645 F.2d 404, 412 n.5 (5th Cir. 1981) (quoting Fed. R. Civ. P. 12(b)). However, between May 20, 1981, when *Williamson* was handed down, and the present date, Rule 12 was amended, and the text from Rule 12(b) referenced in *Williamson* was both revised and moved from Rule 12(**b**) to Rule 12(**d**), which reads as follows:

> (**d**) **Result of Presenting Matters Outside the Pleadings**.  If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56.  All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (2008).

-3-

> differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Williamson*, 645 F.2d at 412-13 (quoting *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3rd Cir. 1977)) (footnote omitted) (emphasis added); *see also Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237-38 (11th Cir. 2002); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (*per curiam*).

## B.    Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure require only that a complaint contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, —, 127 S. Ct. 1955, 1969 (2007) (citations omitted). These factual allegations need not be detailed, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Twombly,* 550 U.S. at —, 127 S. Ct. at 1964-65 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986), and *Sanjuan v. American Board of Psychiatry and Neruology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)) (bracketed alteration in *Twombly*).   Thus, even though notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice, Inc.,* 253 F.3d 678, 683 (11th Cir. 2001).

When ruling upon a Rule 12(b)(6) motion, the court must accept all well-pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).   Viewed in this manner, the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level . . . ." *Twombly,* 550 U.S. at —, 127 S. Ct. at 1965 (citations omitted).   Stated differently, the plaintiffs must plead facts sufficient to "nudge[] [their] claims across the line from conceivable to plausible . . . ." *Id.* at —, 127 S. Ct. at 1974.

-5-

## II. ALLEGATIONS OF TRIANA'S COMPLAINT

Triana is a municipality located within Madison County, Alabama, that has long struggled to attract business development.[5]  In order to generate public revenue, the Triana town council adopted an ordinance in 1994 stating that the town would license nonprofit organizations to operate bingo games within its corporate limits.[6] In October 2006, the town council adopted an updated ordinance, Ordinance 2006-05, providing that nonprofit organizations licensed to operate bingo games within the town would be taxed $3.00 per person participating in a session of call bingo, and $200.00 per machine located in a bingo facility.[7]  In February 2008, the town council amended the ordinance to raise the rate of taxation to $1,000.00 per bingo machine located in a bingo facility.[8]

This action arises from searches of bingo facilities in Triana by defendant Dorning and Madison County Sheriff's Deputies, and defendant Dorning's subsequent seizure of bingo machines and other property at these facilities.[9]  In its complaint, Triana sets out the following factual allegations:

17.    In November 2007, Defendants [sic] conducted a search

---

[5] *See* doc. no. 1, ¶ 7.

[6] *Id*, ¶ 10.

[7] *Id*, ¶ 12.

[8] *Id.*, ¶ 16.

[9] *Id.*, ¶¶ 17-18.

and seizure at one establishment within the Town of Triana where non-profit organizations operated bingo games pursuant to Ordinance 2006-05, seizing property and issuing warrants for the arrests of individuals found within the establishment for promotion of gambling and possession of a gambling device under the auspices of Alabama Code §§ 13A-12-22 and -27, a misdemeanor. No charges were filed after the November 2007 raid, however.

18.     More recently, at or about eleven o'clock on Saturday evening, March 8, 2008, Madison County Sheriff Deputies, under the direction of Defendant, conducted raids of bingo facilities Triana VFW and Charity Bingo. The Deputies seized over 300 bingo machines and $175,000 in cash. The Deputies instructed bingo customers and Triana Police Officers to leave the premises. The Madison County Sheriff Deputies escorted the Triana police officers, including its Chief of Police, from the premises and prohibited them from making any inquiries.[10]

Based on these facts, Triana asserts that defendant Dorning's seizure of the bingo machines and other property at the bingo facilities constitutes an unconstitutional taking of its public revenue because the seizures led to the closure of the bingo facilities and consequently denied Triana of taxes and fees generated from bingo operations. Pursuant to 42 U.S.C. § 1983, Triana alleges a taking claim as follows:

24.     Plaintiff has a protected property interest under the 5th and 14th Amendments in the collection of taxes on bingo operations within its corporate limits.

25.     Defendants have [sic] taken Plaintiff's right to collect taxes on charitable bingo operations, including taxes on bingo facilities, bingo

---

[10] *See* doc. no. 1 (complaint).

machines, and bingo participants, by confiscating all of the bingo machines in operation in the corporate limits of Triana, arresting the vendor of one bingo facility and issuing a warrant for the arrest of the vendor of the other bingo facility within Triana, and seizing the cash receipts of those facilities. Defendants have [sic] taken Plaintiff's right to collect taxes on bingo operations by effectively shuttering all charitable bingo operations within Triana.

26.    The Defendants' [sic] conduct constitutes action under color of state law undertaken pursuant to a statute, ordinance, regulation, policy, custom, or practice in violation of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment and in violation of 42 U.S.C. § 1983.

27.    Plaintiff is a "person" for purposes of 42 U.S.C. § 1983.[11]

Triana seeks a preliminary and permanent injunction:  (1) declaring that defendant Dorning's actions constitute an unconstitutional taking of Triana's property without just compensation; (2) ordering defendant Dorning to return all of the property that he seized from the bingo facilities; and (3) prohibiting defendant Dorning from any further unconstitutional taking of Triana's property.[12]

The population of Triana is ninety-five percent African-American, and for that reason Triana also asserts a race-discrimination claim under the equal protection clause of the Fourteenth Amendment as enforced through § 1983. Triana's complaint alleges, in pertinent part:

---

[11] *Id.*

[12] *Id.*, ¶ 30.

36.    The Defendants' [sic] conduct constitutes action under color of state law undertaken pursuant to a statute, ordinance, regulation, policy, custom, or practice in violation of the Fourteenth Amendment of the United States Constitution and in violation of 42 U.S.C. § 1983.

37.    The Defendants' [sic] actions, under color of state law, treat citizens of Triana differently from other similarly-situated individuals in the State who enjoy the rights and privileges of the Alabama Constitution, including the right of self governance and the benefit of revenue generated from legal bingo operations within their corporate or county limits.  Defendant's actions are based upon race and are not narrowly tailored to achieve a compelling state interest, nor are they substantially related to an important governmental objective.34. [sic] There is no rational basis for the difference in treatment between Triana's citizens and other similarly-situated individuals in the County and the State.  Defendants' [sic] action against Triana's citizens are [sic] arbitrary and without basis in law.

38.    Plaintiff is a "person" for purposes of 42 U.S.C. § 1983.

Triana seeks a preliminary and permanent injunction:  (1) declaring that defendant Dorning's actions subjected Triana to unequal protection of the law based upon racial discrimination; (2) ordering defendant Dorning to return all of the property that he seized from the bingo facilities; and (3) prohibiting defendant Dorning "from applying the laws of the State of Alabama with an unequal hand, specifically, taking any further action to prohibit bingo operations within the corporate limits of Triana."[13]

---

[13] *See* doc. no. 1, ¶ 40.

## III. DISCUSSION

This court must first address defendant Dorning's contention that Triana lacks standing to bring this suit, because the presence of a plaintiff with standing to sue is a necessary precondition to a federal court's exercise of Article III judicial power, and a challenge to a plaintiff's standing is an attack on the court's subject matter jurisdiction. *See*, *e.g.*, *Stalley v. Orlando Regional Healthcare System*, *Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction[.]") (internal quotations omitted); *London v. Wal-Mart Stores*, *Inc.*, 340 F.3d 1246, 1251 (11th Cir. 2003) ("The issue of whether plaintiff lacks standing is jurisdictional[.]").   Federal district courts are tribunals of limited jurisdiction, "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co*., 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)).   Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp*., 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)).

Standing is essential because "[t]he constitutional power of federal courts cannot be defined, and indeed has no substance, without reference to the necessity 'to adjudge the legal rights of litigants in actual controversies.'" *Valley Forge Christian College v. Americans United for Separation of Church & State*, 454 U.S. 464, 471 (1982) (quoting *Liverpool S.S. Co. v. Commissioners of Emigration*, 113 U.S. 33, 39 (1885)). In other words, federal courts are not, and were never intended to be, national forums for airing "generalized grievances." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Thus, the "question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." *Id*. at 498; *see also Black's Law Dictionary* 1442 (8th ed. 2004) (defining "standing" as "[a] party's right to make a legal claim or seek judicial enforcement of a duty or right").

In this case, Triana lacks standing to bring its § 1983 claims because both the Eleventh Circuit, and the former Fifth Circuit plainly held that a municipality has no standing to assert a cause of action under § 1983.[14] In *Randolph County v. Alabama*

---

[14] Section 1983 provides a means of seeking redress against governmental entities and officials whose conduct under color of state law deprives a plaintiff of rights, privileges, or immunities secured by the United States Constitution or federal statutes. The statute was enacted for the express purpose of enforcing the Fourteenth Amendment. In pertinent part, the statute provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in

-11-

*Power Co.*, 784 F.2d 1067 (11th Cir. 1986), the Eleventh Circuit explained that "we have subsequent to *Monell* [*v. Department of Social Services*, 436 U.S. 658 (1978),] continued to hold that a municipality has no cause of action under section 1983." *Randolph County*, 784 F.2d at 1072 (bracketed alteration added).  The Eleventh Circuit supported this proposition with *Appling County v. Municipal Electric Authority*, 621 F.2d 1301 (5th Cir.), *cert. denied*, 449 U.S. 1015 (1980), in which the former Fifth Circuit held that the "*Monell* decision does not call into question the principle that a city or county cannot challenge a state statute on federal Constitutional grounds."  621 F.2d at 1308.[15]  *See also City of Safety Harbor v. Birchfield*, 529 F.2d 1251, 1254 (5th Cir. 1976) ("Ever since the Supreme Court's landmark decision in *Dartmouth College v. Woodward*, 17 U.S. (4 Wheat.) 518, 4 L. Ed. 629 (1819), it has been apparent that public entities which are political subdivisions of states do not possess constitutional rights . . . in the same sense as private corporations or individuals."); and *Rockford Board of Education, School*

---

equity, or other proper proceeding for redress, except that in any action against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

[15] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*District No. 205 v. Illinois State Board of Education*, 150 F.3d 686, 688 (7th Cir. 1998) ("a city or other municipality cannot bring a suit under 42 U.S.C. § 1983"). Because Triana has only alleged claims under § 1983, this court lacks subject matter jurisdiction over this action.

## IV. CONCLUSION

In accordance with the foregoing, defendant Dorning's motion to dismiss is due to be, and it hereby is, GRANTED, and all claims of plaintiff are dismissed with prejudice. Triana's motion to consolidate this action with Civil Action No. 5:07-2144, *Department of Texas Veterans of Foreign Wars of the United States v. Blake Dorning* is DENIED as moot. Costs are taxed to plaintiff. The clerk is directed to close this file.

DONE and ORDERED this 13th day of March, 2008.

_____
United States District Judge